IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY DOUGLAS,                               No. CIV S-08-2058-FCD-CMK

      Plaintiff,

  vs.                                                            <u>ORDER</u>

SHASTA COUNTY, et al.,

      Defendants.

_____/

      Pending before the court is Defendants' motion to compel Plaintiff's attendance at a deposition (Doc. 15).  The court granted Defendants' request to hear the motion on shortened time (Docs. 12, 19).  A hearing on the motion to compel was held on February 24, 2010, before the undersigned in Redding, California.  Attorney Orestes Cross appeared telephonically for plaintiff; defense counsel, Gary Brickwood, appeared in person.

**I.    BACKGROUND**

      The parties have summarized the background of this case as follows:

> Plaintiff's case arises out of a domestic dispute wherein the Shasta County Superior Court had ordered that third party Rivera be allowed to remove belongings from the home of plaintiff, Shirley Douglas without the presence of plaintiff Douglas' son who was the domestic partner of Rivera.  Shasta County Sheriff's

1

1      Deputies acted as a form of civil standby to enforce the Court
2      Order. Plaintiff alleges that the deputies violated her civil rights by allowing others to commit assault and battery. Defendants contend
3      that they acted pursuant to Court Order and are immune from liability. Defendants further deny any assault against plaintiff.

4  (Joint Status Report, Doc. 10 at 1-2).

5      **II.    MOTION TO COMPEL**

6      Defendants bring this motion to compel Plaintiff's attendance at a deposition

7  pursuant to Federal Rule of Civil Procedure 37.

8      **Motion**

9      In the motion, Defendants argue that on December 3, 2009, following a

10 conversation with Plaintiff's counsel, they noticed Plaintiff's deposition for January 25, 2010.

11 Defendants, believing Plaintiff resided in Redding based on the allegations in her complaint,

12 noticed her deposition for Redding. On January 19, 2010, Plaintiff requested that the deposition

13 be rescheduled to February, but did not object to the location. On January 20, 2010, Defendants

14 re-noticed the deposition for February 8, 2010, again in Redding. On February 2, 2010,

15 Plaintiff's attorney called and requested a change of location, closer to San Francisco. Defense

16 counsel did not agree to the change of location, but did agree to discuss the issue further. That

17 same afternoon, Defense counsel called back, but was able to connect with Plaintiff's counsel.

18     The following day (February 3, 2010), Defense counsel contacted Plaintiff's

19 counsel about the possibility of conducting the deposition on February 9, 2010, in Sacramento, as

20 Defense counsel would be there for another hearing. Plaintiff was unavailable on February 9,

21 2010, so no agreement was reached as to an alternate date or location.

22     On February 4, 2010, Defendants received a fax letter from Plaintiff indicating an

23 agreement to hold the deposition in Williams. Defendants responded by fax that no agreement

24 had been reached to hold the deposition in Williams, the original date had been moved at

25 Plaintiff's request, Plaintiff did not previously object to the location, and Defendants were

26 unwilling to alter the deposition date again or the location thereof. Plaintiff responded that they

would not accept the February 8, 2010, deposition in Redding and requested Defendants re-notice for another date. Defendants state there was no further communication between counsel on this issue. Plaintiff did not appear for her February 8, 2010, deposition.

In addition, Defendants noticed the deposition of Plaintiff's doctors for February 25, 2010. Defendants state they wanted to conduct Plaintiff's deposition first, but given the approaching discovery deadline, they went ahead and scheduled the doctors' depositions. Plaintiff objected to the doctors' depositions, as to both date and location.

Defendants are requesting a 60 day extension of the discovery cutoff in order to complete the depositions. They are also requesting an order requiring Plaintiff to appear at a deposition in Redding and for sanctions. As to the location, Defendants argue the claim arose in Redding, Plaintiff alleges in her complaint that she resides in Redding, and it is the most convenient location. They argue there is no merit to Plaintiff's contention that the deposition should be conducted between Redding and San Francisco simply because counsel is located in San Francisco.

As for sanctions, Defense counsel is requesting four hours, at $150 per hour, for the preparation of the motion and supporting documents, a total of $600.

**Opposition**

In opposition, Plaintiff argues the original notice of deposition was sent to Plaintiff counsel's old address so was not received until mid-December (sent December 3, 2009, setting a deposition on January 25, 2010). Upon receipt, Plaintiff's counsel informed defense counsel they were objecting to the date and time of the deposition. They also informed defense counsel (in a letter dated December 19, 2009) that due to the defendant's conduct (arresting Plaintiff outside her attorney's office) they wanted the deposition to take place outside of Redding. Plaintiff states it was not until early February that they received a response. Upon receiving that response Plaintiff called counsel and objected to time and location, that the location was outside the 100 mile radius of Sacramento, and was fearful of reprisals from law

enforcement if the deposition occurred in Redding.  Plaintiff also objected to the dates and locations of the medical depositions because they were set without conferring with opposing counsel.

Plaintiff suggests that at best this should be a motion to extend discovery, not a motion to compel.  As such, there is no objection from Plaintiff to extending discovery 60 days in order to complete the depositions of Plaintiff and her doctors.  She also argues there are no grounds for sanctions.

**DISCUSSION**

Federal Rule of Civil Procedure 30(b)(1) provides: "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address."  Rule 37(a) provides that a motion for an order compelling the attendance of a party at a deposition may be filed upon notice to the other parties.

The only notice requirement for a deposition is reasonableness.  See Fed. R. Civ. Proc. 26(b).  For a deposition without production of documents, ten to fourteen days notice is generally considered reasonable.  See Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D. Ill. 2005)).  Notably, there is no requirement in the Rules that the date or location must be agreed upon by all parities.  Generally, the noticing party has discretion as to the place where a party deposition will be taken, subject to the court's power to grant a protective order.  See Philadelphia Indemnity Ins. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003).  If the parties are unable to resolve a dispute such as the date or location of a party deposition, the party objecting can request a protective order.  See Fed. R. Civ. Proc. 26(c).

Normally, the most convenient location for a party's deposition is either in the district in which she resides or in the district wherein the action is filed.  See Grey v. Continental Mktg. Ass'n., Inc., 315 F. Supp. 826, 832 (N.D. Ga. 1970) (noting also that Rule 45, which

4

1 generally requires depositions to occur within 100 miles of the witness' residence, relates to
2 deposing witnesses and is inapplicable to parties).  If a motion for a protective order is filed, the
3 court takes into consideration the convenience of the parties and relative hardships in attending at
4 the location designated.  See New Medium Technologies, LLC v. Barco N.V., 242 F.R.D. 460,
5 467 (N.D. Ill. 2007).

6         In the instant action, it appears that Plaintiff does reside in Redding.  Plaintiff's
7 counsel acknowledged no motion for protective order was filed after being informed of the
8 preferred location for Plaintiff's deposition and after it was apparent that the parties were unable
9 to agree to a change of location.  Because the deposing party has some discretion as to the
10 location of a party's deposition, especially as it was set within the district where the action is
11 pending, if Plaintiff's counsel believed there were reasons not to hold the deposition in Redding,
12 he could have file a request for a protective order.  Instead, he simply informed Defense counsel
13 they would not be there.  Even if counsel was under the belief that the attorneys had agreed to an
14 alternate location, when Defense counsel informed him that there was in fact no agreement to
15 move the deposition, he could have then filed for a protective order.  Simply stating that due to
16 the failure to agree to the location of the deposition is insufficient reason not to appear for a
17 properly noticed deposition.  Defendants provided reasonable notice as to the date, time and
18 location of the deposition.  Acquiring an agreement as to when and where to hold a deposition as
19 a professional courtesy is good practice, but is not required by the Rules.  Instead, the Rules
20 provide for the ability to obtain a protective order from the court, an option Plaintiff did not avail
21 herself of.

22         Accordingly, the motion to compel will be granted.  The parties were ordered at
23 the hearing to meet and confer as to a mutually acceptable date and location for Plaintiff's
24 deposition, as well as those of her doctors.  The parties have informed the court that they have
25 agreed to the following dates and locations for the depositions:
26 / / /

| | | |
|---|---|---|
| Plaintiff: | March 18, 2010, at 10:00 a.m. | |
| | Red Bluff Deposition Reporters, Inc. | |
| | 711 Washington Street, Red Bluff, Ca. | |
| | | |
| Dr. Doci: | March 17, 2010, at 12:00 p.m. | |
| | Weaverville, Ca. | |
| | Mr. Cross to appear telephonically. | |
| | | |
| Dr. Cormier: | March 17, 2010, at 3:30 p.m. | |
| | Redding, Ca. | |
| | Mr. Cross to appear telephonically. | |

The scheduling order in this case (Doc. 11) set a discovery cutoff date of March 1, 2010. The parties have agreed that an extension of that date is necessary to complete the depositions discussed above. The request to extend the discovery deadline for 60 days in order to compete these depositions will be granted. The new discovery deadline, as to the deposition discussed above, will be May 3, 2010. The discovery cutoff date for all other discovery remains unchanged, at March 1, 2010. The parties are reminded that the dispositive motion deadline is set for July 23, 2010, which is also unchanged by this partial extension of discovery.

**Sanctions**

Defense counsel is requesting sanctions for bringing this motion in the amount of $600.00. This is a requests four hours of time, at $150 per hour. Plaintiff argues the motion was unnecessary and sanctions should not be awarded.

Rule 37(a)(5)(A) states that if a motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Thus, the court must grant sanctions unless the opposing party's position was substantially justified, or an award would be unjust. See Rule 37(a)(5)(A)(i)-(iii). In addition, Rule 37(d) provides grounds for discretionary sanctions for a party's failure to appear for a deposition after being served with proper notice.

///

6

In this instance, sanctions are proper for Plaintiff's failure to appear at her deposition as noticed. Plaintiff had proper notice, and her first request for a change in the date was accommodated. If Plaintiff was seriously concerned with attending a deposition in Redding, she had the ability to file for a protective order and could have made more of an effort to communicate her concerns with Defense counsel. She failed to avail herself of such an options.

Defense counsel is requesting $600.00 in sections. The court finds $300.00 more appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 15) is granted;

2. Pursuant to the parties' agreement, the depositions will occur as follows:

   Plaintiff:   March 18, 2010, at 10:00 a.m.
                Red Bluff Deposition Reporters, Inc.
                711 Washington Street, Red Bluff, Ca.

   Dr. Doci:    March 17, 2010, at 12:00 p.m.
                Weaverville, Ca.
                Mr. Cross to appear telephonically.

   Dr. Cormier: March 17, 2010, at 3:30 p.m.
                Redding, Ca.
                Mr. Cross to appear telephonically.

3. The discovery cutoff date, relative to the above depositions only, is extended to May 3, 2010; and

4. Plaintiff's request for sanctions is granted in the amount of $300.00

DATED: March 3, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE